IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES RANDALL HARRISON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | CIVIL ACTION NO.<br>2:20-CV-504-RAH-CSC<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Before the court is Charles Randall Harrison's *pro se* "Petition Pursuant to 28 USC Sec. 2241(a)(c)(3) and the Saving Clause of 28 USC Sec. 2255(e)" filed on July 15, 2020. Doc. # 1. Harrison, a federal inmate under home confinement at the Residential Reentry Management field office in Montgomery, Alabama, challenges his 1997 judgment of conviction, entered by the United States District Court for the Northern District of Florida, for conspiracy to possess with intent to distribute methamphetamine and amphetamine (Count 1) and possession with intent to distribute amphetamine (Count 2). That court sentenced Harrison to 420 months in prison.[1] Seeking relief under 28 U.S.C. § 2241, while invoking the "saving clause" of 28 U.S.C. § 2255(e), Harrison claims that the prosecution

---

[1] Harrison appealed and raised multiple issues, including a challenge to an unsigned warrant and an allegedly unreasonable search, a *Brady* claim, a claim that the government offered perjured testimony and improperly vouched for its witnesses in its closing argument, that the court made improper statements, that cross-examination was restricted and several sentencing issues. *See United States v. Harrison*, Case No: 3:96cr57/RV & 3:03cv2/RV/MD (N.D. Fla.). On January 28, 1999, the Eleventh Circuit affirmed his convictions and sentence. Harrison later successfully argued in a 28 U.S.C. § 2255 motion (filed in February 2000) that his sentence on Count 1 was unlawful, and he was resentenced in 2001 to 360 months in prison.

failed to disclose exculpatory evidence that he was not a member of the conspiracy underlying his convictions. *See Brady v. Maryland*, 373 U.S. 83 (1963). Doc. # 1 at 2–3. He says he learned of this evidence in 2007 and that it constitutes proof of his actual innocence. *Id*. at 2; *see* Doc. # 4. For the reasons that follow, the undersigned finds this case should be dismissed for lack of jurisdiction.

## II.  DISCUSSION

Federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Although Harrison styles this action as a habeas petition filed under 28 U.S.C. § 2241, the court must consider whether this action is properly styled as such, or if it is more appropriately considered as a motion to vacate under 28 U.S.C. § 2255.

For federal inmates, 28 U.S.C. § 2241 provides a vehicle to challenge matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See, e.g., Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008) (petition challenging decision of federal Parole Commission is properly brought under § 2241); *Bishop v. Reno,* 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is a matter for habeas corpus). For purposes of venue, petitions properly filed under 28 U.S.C. § 2241 must be brought in the district in which the petitioner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004).

In contrast, 28 U.S.C. § 2255(a) states:

A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). For actions properly considered under § 2255, venue and jurisdiction lie only in the district of conviction. 28 U.S.C. § 2255(a).

Harrison's self-described petition for writ of habeas corpus under 28 U.S.C. § 2241 challenges the validity of his federal convictions and sentence entered in the United States District Court for the Northern District of Florida. Generally, a petitioner must bring any collateral attack on the legality of his federal conviction and sentence through a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, rather than through a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017); *Venta v. Warden, FCC Coleman-Low*, 2017 WL 4280936, at *1 (11th Cir. 2017). Under limited circumstances, however, the "saving clause" provision of § 2255(e) permits a federal prisoner to pursue habeas corpus relief as provided for in 28 U.S.C. § 2241:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A petitioner challenging the legality of his federal detention may do so under 28 U.S.C. § 2241 only if he shows that § 2255 would be an "inadequate or

3

ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (the so called "saving clause"); *see also Johnson v. Warden*, 737 F. App'x 989, 990–91 (11th Cir. 2018).

Harrison argues that § 2255 is "inadequate or ineffective to test the legality of his detention" because, after filing a previous § 2255 motion that was denied on the merits by the district court, he applied to the Eleventh Circuit for leave to file a successive § 2255 motion premised on his claim that exculpatory evidence was withheld by the prosecution. Doc. # 1 at 12–13; Doc. # 4 at 1. However, "[i]t is well established that a prior unsuccessful [§] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy." *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *see Miller v. Warden*, 449 F. App'x 773, 774 (11th Cir. 2011) ("The restrictions on successive § 2255 motions do not, by themselves, render that section inadequate or ineffective."). When a petitioner seeks to proceed on a § 2241 petition for writ of habeas corpus under the saving clause of § 2255(e), he "bears the burden of establishing that the remedy by [§ 2255] motion was 'inadequate or ineffective to test the legation of his detention.'" *McCarthan*, 851 F.3d at 1081 (internal citation omitted); *see Jerdine v. United States*, 296 F. App'x 832, 833 (11th Cir. 2008). Regarding this burden, Harrison's reference to the Eleventh Circuit's denial of his application for leave to file a successive § 2255 motion fails to establish that § 2255 provides an inadequate or ineffectiveness remedy for challenging his convictions and sentence. As the Eleventh Circuit noted in *McCarthan*, permitting "the bar on successive motions (or other procedural bars to relief) to trigger the saving clause makes the statute self-defeating." 851 F.3d at 1091. The mere fact a petitioner faces procedural bars to

4

obtaining relief in a § 2255 motion—i.e., successive petition, expiration of the one-year limitation period, or procedural default—does not render § 2255 inadequate or ineffective.

"A motion [under 28 U.S.C. § 2255] is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." *McCarthan,* 851 F.3d at 1099.  As such, "ordinary sentencing challenges" may not be brought under § 2241.  *Id*. at 1091–94.  Consequently, "any 'cognizable claim' that could have been brought under § 2255, even if circuit precedent or procedural bar would have foreclosed the claim, cannot be brought under § 2241 in this circuit after *McCarthan*." *Donaldson v. Warden, FCI Coleman Medium*, 691 F. App'x 602, 603 (11th Cir. 2017) (quoting *McCarthan*, 851 F.3d at 1086–90).

The *McCarthan* court set forth the limited circumstances in which a federal prisoner may invoke the saving clause of 28 U.S.C. § 2255(e) to file a 28 U.S.C. § 2241 petition for writ of habeas corpus.  Specifically, a federal inmate "may file a petition for a writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations.  The saving clause also allows a prisoner to bring a petition for writ of habeas corpus when the sentencing court is unavailable [such as when the sentencing court no longer exists]. . . .  Or . . . perhaps practical considerations (such as multiple sentencing courts) might prevent a prisoner from filing a motion to vacate.  But only in those kinds of limited circumstances is [the remedy by § 2255 motion] inadequate or ineffective to test the legality of his detention."  *McCarthan*, 851 F.3d at 1092–93 (internal citations and quotation marks omitted).

None of these circumstances are present in Harrison's case. As noted above, Harrison claims the prosecution failed to disclose exculpatory evidence that he was not part of the drug conspiracy. This claim falls squarely within the realm of injuries that 28 U.S.C. § 2255 addresses. When a federal prisoner brings "a traditional claim attacking his [conviction or] sentence that he could have brought in a [§ 2255] motion to vacate, the remedy by [such] motion is adequate and effective to test the legality of his detention. . . . Allowing a prisoner with a claim that is cognizable in a [§ 2255] motion to vacate to access [§ 2241] nullifies the procedural hurdles of section 2255 and undermines the venue provisions." *McCarthan*, 851 F.3d at 1090. Thus, regardless of the label Harrison has placed on his self-described § 2241 habeas petition, the saving clause does not provide him a portal to proceed under § 2241, and his petition must be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[2]

Section 2255 remains Harrison's exclusive remedy to bring his challenge to his conviction and sentence. Because he challenges a judgment entered by the United States District Court for the Northern District of Florida, jurisdiction to consider a § 2255 motion would lie only with that court. *See* 28 U.S.C. § 2255(a). This court, which sits in the Middle

---

[2] In an order entered on July 20, 2020 (Doc. # 3), this court informed Harrison that the claims in his self-described § 2241 habeas petition were properly presented in a § 2255 motion filed in the court of conviction. In accordance with *Castro v. United States*, 540 U.S. 375 (2003), this court notified Harrison of its intention to treat his petition as a § 2255 motion, which would be subject to any procedural limitations for § 2255 motions, and directed him to advise the court whether he wished to proceed on his claims under § 2255, to amend his construed § 2255 motion to assert additional claims under § 2255, or to withdraw his construed § 2255 motion. This court's "*Castro* Order " also advised Harrison that if he failed to file a response in compliance with the order's directives, the case would proceed as an action under 28 U.S.C. § 2255, with the court considering only those claims in the construed § 2255 motion. Harrison filed a response objecting to the *Castro* Order's directives and insisting he was entitled to pursue this action in this court under § 2241. Doc. # 4.

District of Alabama, lacks jurisdiction to consider a § 2255 motion challenging a conviction entered by the court for the Northern District of Florida.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed.  However, a § 1631 transfer to the court of conviction—the United States District Court for the Northern District of Florida—would be futile here.  In March 2003, Harrison filed a 28 U.S.C. § 2255 motion in the United States District Court for the Northern District of Florida challenging the same convictions and sentence he challenges in the instant proceeding.  *See United States v. Harrison*, Case No: 3:96cr57/RV & 3:03cv2/RV/MD (N.D. Fla.).  That court denied Harrison's § 2255 motion, finding his claims to be without merit.  The AEDPA requires that a prisoner seek authorization to file a successive § 2255 motion in the court of appeals *"[b]efore* [such motion] is filed in the district court." 28 U.S.C. § 2244(b)(3)(A) (emphasis added); *see also id*. § 2255(h).  The Eleventh Circuit has observed that this language in 28 U.S.C. § 2244(b)(3)(A) may prohibit a § 1631 transfer of a successive application for collateral review.  *See Guenther v. Holt*, 173 F.3d 1328, 1330 n.4 (11th Cir. 1999) (noting, in a case involving a successive 28 U.S.C. § 2254 habeas petition, that "there are concerns relating to the application of the plain language in 28 U.S.C. § 2244(b)(3)(A) requiring an applicant to move in the court of appeals *'[b]efore* a second or successive application [for a writ of habeas corpus] is filed in the district court'").

Harrison seems to suggest that his instant petition is not successive because, he says, he did not discover the prosecution's alleged failure to disclose exculpatory evidence until

7

after his March 2003 § 2255 motion was filed in, and then denied by, the United States District Court for the Northern District of Florida. However, the exculpatory evidence allegedly withheld by the prosecution in violation of *Brady* existed when Harrison filed his March 2003 § 2255 motion. Indeed, it existed at the time of his trial. Courts have held that claims under *Brady* ripen at the time the constitutional violation occurs, even if the petitioner is unaware of the violation at that time. *See, e.g., In re Wogenstahl*, 902 F.3d 621, 627–28 (6th Cir. 2018) (rejecting petitioner's argument that his habeas petition was not successive and explaining that petitioner's "claims were not unripe at the time he filed his initial petition because the purported *Brady* violations . . . had already occurred when he filed his petition, although [petitioner] was unaware of these facts"); *Brown v. Muniz*, 889 F.3d 661, 672–73 (9th Cir. 2018) ("In the case of a *Brady* claim, the violation occurs at the time the [prosecution] should have disclosed the exculpatory evidence—i.e. before trial. If the factual predicate accrues before a petitioner brings an initial federal habeas petition, then any subsequent federal petition raising a claim based on that factual predicate is second or successive and is governed by § 2244(b)."); *Tompkins v. Sec'y, Dep't of Corr.*, 557 F.3d 1257, 1259–60 (11th Cir. 2009) (holding that all second-in-time habeas petitions based on *Brady* claims are second or successive).

    Harrison presents no evidence that, before filing the instant action in this court, he obtained permission from the Eleventh Circuit to file a successive § 2255 motion attacking his convictions and sentence. In fact, he acknowledges that he applied for authorization by the Eleventh Circuit to file a successive § 2255 motion and that the Eleventh Circuit denied his application. *See* Doc. # 1 at 12–13; Doc. # 4 at 1.

This court lacks jurisdiction to consider Harrison's successive § 2255 motion, and a transfer to the court of conviction, the United States District Court for the Northern District of Florida, would be futile where Harrison has not obtained permission to file a successive § 2255 motion. Under the circumstances, this court finds that the interest of justice does not warrant a § 1631 transfer to the United States District Court for the Northern District of Florida and that dismissal of this action is proper.

### III. CONCLUSION

Accordingly it is the RECOMMENDATION of the Magistrate Judge that Harrison's petition, construed as a § 2255 motion, be DISMISSED, because the saving clause of § 2255(e) does not provide Harrison with a portal to proceed with a petition for writ of habeas corpus under § 2241, this court is without jurisdiction to consider his challenge to his conviction entered by the United States District Court for the Northern District of Florida, and the interest of justice does not warrant a § 1631 transfer to that court.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before September 25, 2020. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE, this 11th day of September, 2020.

    /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE